**Calvin SELLARS, Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

No. 78–1118.

United States Court of Appeals, Fifth Circuit.

April 11, 1978.

the defendants in *Ely* had not complied in any respect with the NHPA.

John L. Hill, Atty. Gen., Walter C. Prentice, Joe B. Dibrell, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Larry Watts, Houston, Tex. (court-appointed), for petitioner-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

The petitioner, Calvin Sellars, was convicted of robbery with firearms in the state courts of Texas on charges of participating in a robbery which involved serious mistreatment and torture of male and female victims. He was sentenced to death, but the sentence was reduced to life imprisonment. Sellars has filed numerous unsuccessful proceedings in state and federal courts seeking release.

The District Court for the Southern District of Texas conducted a hearing December 7, 1977, on a petition by Sellars for a writ of habeas corpus. In Sellars' merits trial the state had introduced his confession based upon testimony by police officers Robert B. Schallert and J. E. Hodges describing the circumstances under which the confession had been given and tending to show that Sellars had not been mistreated or threatened. In his testimony in the December habeas hearing before the federal district judge, Officer Schallert gave a sharply different version of the circumstances surrounding the confession and described threats and mistreatment inflicted on Sellars. The district judge concluded that the trial testimony of Schallert and Hodges had been false, and that if the state trial judge had heard the circumstances as related by Schallert in the habeas hearing he would not have admitted Sellars' confession into evidence. On December 15, 1977, on the basis of the testimony by Schallert, conflicting with testimony given by him and Hodges at the merits trial, the district judge granted the writ of habeas corpus and gave respondent 45 days in which to determine to retry or reindict Sellars.

On December 19 respondent moved to reopen the evidentiary hearing on the ground that the testimony of Officer Schallert was a total surprise. Respondent alleged that at the time of the December 7 hearing he had no knowledge of the whereabouts of Officer Hodges but that Hodges had been since located in Colorado. Respondent attached to the motion an affidavit by a Houston police officer that he had found Hodges and had talked with him, that Hodges had read a transcript of Schallert's testimony at the December 7 hearing, that Hodges stated that Sellars had not been mistreated or threatened before giving his confession and that the testimony given by Schallert and Hodges at the merits trial was true. The district court denied the motion to reopen without stating reasons. Respondent moved the district court for a stay pending appeal, which was denied. Respondent appealed.

In this court Sellars moved for bail pending appeal, which was denied. Respondent moved for a stay of the district court's order pending appeal, and on January 27, 1978, a single judge of this court granted a temporary stay until a panel of three judges could consider respondent's motion for stay. On February 6 the panel granted respondent's motion for stay. The effect of the stay and the denial of bail pending appeal is that Sellars will remain in confinement pending respondent's appeal.

Sellars has now filed a motion stating that, since he will have to remain confined while respondent's appeal follows its normal course, he requests that the case be remanded at this time to the district court and the state be given an opportunity to present the testimony of Officer Hodges, as respondent had requested in his motion to the district court to reopen the proceedings. The respondent, however, now takes the position that he objects to a remand for the purpose of his presenting to the district court the testimony of Officer Hodges, and he now relies instead on a defense that in an earlier habeas corpus proceeding the confession of Sellars had been held voluntary and that in December 1977 the district court was bound by such prior holding and should not have conducted any hearing.

**1316**

In the interest of economy of judicial resources, we think that Sellars' motion for a remand should be granted. Sellars is willing that the proceedings be reopened in the district court at this time rather than await the outcome of an appeal during the pendency of which he will remain in confinement and the ultimate result of which might be a remand to the district court with directions to it to hear and consider Hodges' testimony. The argument now raised by the respondent that the district court was bound by a prior order denying a writ of habeas corpus will remain available to the respondent on appeal should assertion of it be necessary. This disposition makes it unnecessary for us to consider the respondent's argument that the district judge abused his discretion by refusing to reopen the proceedings.

The case is REMANDED to the district court with directions to reopen the proceedings to permit respondent to offer the testimony of J. E. Hodges and to receive such other evidence from the parties as the district judge in his discretion deems desirable. The district court shall enter a fresh decree and judgment and forward a supplemental record to this court. Except for this limited remand, this court retains jurisdiction of the appeal.